SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Jeff Stanley

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Jeff Stanley**,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AllTran Financial LP**,** American Express Company<br><br>　　　　　　Defendants. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Jeff Stanley, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment

1

when making calls to consumers, and violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits

2. Plaintiff brings this action against Defendant AllTran Financial LP (hereinafter "Defendant" or "AllTran") and American Express Company (hereinafter "American Express") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

6. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors.  The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

9. Plaintiff Jeff Stanley (hereinafter "Plaintiff") is an individual residing in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

10. At all relevant times herein, AllTran was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

11. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

13. Plaintiff believes that AllTran was collecting on an account that was originally owned by American Express.

14. The loan Plaintiff took from American Express was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

15. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

18. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the account.

19. Plaintiff began making payments on the loan before he became financially unable to keep up with the monthly payments.

20. Defendant, at some point, assumed control of the debt and began contacting Plaintiff in June of 2018 to inquire about the status of the loan and to collect on the payments that were no longer being made.

21. Plaintiff believes that AllTran is the collection agency for an account that he previously held with American Express.

22. Plaintiff believes that American Express transferred its debt to AllTran in order to continue its collection efforts without having to deal with Plaintiff's counsel.

23. Plaintiff believes that American Express' agreement with AllTran provides for American Express to receive some portion of any recovery from Plaintiff.

24. Plaintiff believes that American Express informed AllTran that Plaintiff was represented by counsel and revoked his consent to be contacted on his cellular telephone.

25. Plaintiff retained counsel to assist in dealing with the American Express debt and collection efforts as well as to seek some type of financial relief.

26. Counsel for Plaintiff sent American Express a letter confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

27. Counsel for Plaintiff sent the letter of representation to American Express on or about May 22, 2018.

28. American Express was using AllTran as its agent to collect on the debt.

29. Plaintiff informed Defendant that he was revoking his consent to be called on his telephone in May of 2018.

30. Defendant continued to contact Plaintiff between approximately June 15, 2018 – July 30, 2018; the type of contact was through numerous phone calls to Plaintiff.

31. Defendant would call Plaintiff and demand payment on the delinquent account.

32. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

33. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

34. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against AllTran and American Express)

35. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

36. Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that she was represented.

37. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

38. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

39. Plaintiff received daily calls from Defendant from at least June 15, 2018 – July 30, 2018.

40. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against AllTran and American Express)

41. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

42. Since at least about June of 2018 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

43. Plaintiff informed Defendant that he was revoking consent to be contacted by Defendant in May of 2018.

44. Defendant frequently called Plaintiff since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

45. Defendant would contact Plaintiff daily regarding payment on the accounts.

46. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

47. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

48. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

49. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in May of 2018.

50. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

### THIRD CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c)
(Against AllTran)

51. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

52. Defendant was informed on May 22, 2018 that Plaintiff was represented by an attorney in order to address the outstanding debt.

53. Defendant continued to contact Plaintiff for nearly a month after being informed that he had retained an attorney and continued to try extract payment from Plaintiff.

54. Plaintiff's attorney did not consent to Defendant contacting Plaintiff.

55. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

56. Defendants conduct was in violation of 11 U.S.C. § 1692(c).

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

    **b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

    **c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

    **d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    **e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **f.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

    **g.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

Dated: August 2, 2018

**SAGARIA LAW, P.C.**
By:     */s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: August 2, 2018

**SAGARIA LAW, P.C.**
*/s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff